**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FRANCISCO PAYAN IZABAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-02757-JD |
| | ) | |
| KELLY DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Shon T. Erwin. [Doc. No. 5]. Petitioner Francisco Payan Izabal ("Petitioner") filed a motion for reconsideration [Doc. No. 7], which the Court construes as his objection to the R. & R. For the reasons outlined below, the Court accepts the R. & R. and dismisses the Petition without prejudice.

Petitioner brought this habeas action pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred this case to Judge Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3].

The R. & R. recommended dismissing the Petition without prejudice for failure to state a claim. [Doc. No. 5 at 6]. As outlined in the R. & R., the Petition asserts the following three grounds for relief: "(1) that he is an undocumented non-citizen being held on a detainer from Immigration Customs and Enforcement (ICE) in violation of due process and the Immigration and Nationality Act (INA); (2) that his incarceration is 'unlawful . . . according to Federal Case of Muskogee (case) Nation v. Henrietta;' and (3)

a violation of the 'civil rights law of 1866.'" [*Id.* at 2 (alteration in original) (quoting Doc. No. 1 at 6–7)]. Regarding the first ground, the R. & R. found that Petitioner is not in custody pursuant to an ICE detainer and thus has not stated facts entitling him to the requested relief. [*Id.* at 2–3]. Regarding the second and third grounds, the R. & R. concluded that Petitioner did not assert adequate factual allegations to support these claims. [*Id.* at 4 ("The threadbare nature of these assertions alone would be sufficient to warrant the dismissal of Grounds Two and Three.")]. Additionally, the R. & R. found that Petitioner's habeas Petition is not proper under § 2241 because he is not challenging the execution of his sentence but the validity of his conviction and sentence. [*Id.*]. The R. & R. then recommended declining to liberally construe the Petition's second and third grounds and recharacterize them as raised under § 2254 because "before converting a claim to a § 2254 petition, a court should notify and warn a litigant of its intent to do so and allow the litigant to withdraw or amend the motion." [*Id.* at 5 (citing *Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005))]. Lastly, the Court concluded that Petitioner fails to state a claim under the second and third grounds because "Petitioner's claims lack merit as none of the sources on which he relies holds that a state lacks jurisdiction to prosecute, sentence, or incarcerate a non-citizen." [*Id.*].

The R. & R. advised Petitioner of his right to object to the R. & R. by filing an objection with the Clerk of Court by November 16, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010))]. Subsequently, Petitioner filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e)

[Doc. No. 7], which the Court liberally construes as an objection to the R. & R.[1]

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Here, Petitioner's objections are not specific and therefore, do not preserve issues for the Court's de novo review or for appellate review. *See 2121 E. 30th St.*, 73 F.3d at 1060 ("[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance."). Petitioner's motion does not argue that the R. & R. committed legal or factual error but instead (in a conclusory manner) argues that Judge Erwin, by recommending dismissal of his Petition, violated his Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment

[1] The Court notes that Petitioner's motion under Rule 59(e) is improper because the Court has not entered a judgment in this case. *See* Fed. R. Civ. P. 59(e) (entitled "motion to alter or amend a judgment").

rights. [Doc. No. 7 at 1–2].

Alternatively, although the Court is not required to review the record and law de novo because Petitioner has not submitted specific objections, the Court has done so and determines it should accept the R. & R.

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 5] and DISMISSES the Petition without prejudice. In light of this dismissal, the Court denies Petitioner's motion to appoint counsel [Doc. No. 6] as moot. To the extent it is necessary, the Court declines to issue a certificate of appealability. A separate judgment shall follow.

IT IS SO ORDERED this 23rd day of November 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE